UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES METZ,

    Plaintiff,

v.

UT *et al.*,

    Defendants.

Case No. 2:15-cv-11016
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER
DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

In June 2014, this Court dismissed a different case filed by Plaintiff James Metz, concluding in part, "The allegations in the Complaint do not identify any federal questions nor does Plaintiff state his citizenship or the citizenship of Defendants. Thus, the Court finds that it lacks subject matter jurisdiction." *Metz v. Mansour*, No. 14-12422, slip order at 2 (E.D. Mich. June 30, 2014). So too here.

Among the Defendants named in the Complaint filed in this case is "Great Lakes Physicians Southfield" presumably in reference to Southfield, Michigan. That would destroy complete diversity. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–68 (1806). In any event, Metz has not pled the citizenship of each defendant, and so the Court cannot conclude that complete diversity exists. *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007) ("The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he must plead its components with specificity." (internal quotation marks omitted)).

As for the allegations in Metz's Complaint, they are incomprehensible and do not plead a federal question. Metz asserts that his "head is blown off," that he was assaulted by an "invisible blade," and that he receives "bullets in [his] head at dot com every week." (Compl. at 1–2.) As relief, Metz mentions "blood in urine done by cyber blade on a black surveillance of cyber networks so we[']re not getting bladed all the time." (Compl. at 2.) He also seeks $1.3 billion. (*Id.*) Because these allegations are legally frivolous and do not establish a colorable federal question, dismissal is proper. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

This case is DISMISSED for lack of subject-matter jurisdiction. Metz's application to proceed without prepayment of fees (Dkt. 2) is DENIED as moot.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 1, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson